### SHULMAN v. DAMICO.

(Supreme Court, Appellate Term. March 5, 1909.)

BILLS AND NOTES (§ 64*)—DELIVERY—CONDITIONAL DELIVERY.

    Where defendant gave plaintiff a check as a deposit on a conditional contract to purchase fixtures, upon the understanding that if another furnished defendant with the fixtures there was to be no contract with plaintiff therefor, and defendant notified plaintiff that such other had furnished the fixtures, plaintiff should have returned the check, and cannot recover thereon against defendant.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 104; Dec. Dig. § 64.*]

    MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Isaac Shulman against Rafaelle Damico. From a judgment for plaintiff, defendant appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Myron Sulzberger, for appellant.

Boudin & Liebman, for respondent.

PER CURIAM. This judgment in favor of plaintiff is clearly against the weight of evidence and contrary to the inherent probabilities of the case. The plaintiff sues on a check given to him by defendant. The defendant and his witness Epstein, who appears also to be a friend of plaintiff, swore positively that the check was given on the condition that, if defendant made certain arrangements with a brewery company, the check should be returned to defendant, which arrangements with the brewery company were made, but plaintiff refused to return the check. The evidence of plaintiff is feeble, and does not support the finding that consideration was given for the check. The check was given as a deposit on a conditional contract to supply defendant with fixtures, and with the distinct understanding that if defendant made his peace with the brewing company, and the latter agreed to supply the fixtures, there was to be no contract with plaintiff, and the check was to be returned. Defendant notified plaintiff of his arrangement with the brewing company, and plaintiff should have returned the check.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J. (dissenting). The check upon which this action is brought is so supported by the written contracts introduced in evidence, manifesting consideration for the check and called into question only by the testimony of the defendant and his witness, evidently not credited by the learned arbiter of the facts, who on the trial heard and saw each party and his witness, that his determination may well be left undisturbed, and the judgment affirmed.